IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOCELYN L. GOLDBERG,            )
                                )
            Plaintiff,          )
                                )
      v.                        ) Civil Action No. 06-168J
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
            Defendant.          )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 24th day of September, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Farqnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications[1] for disability insurance benefits and supplemental security income on April 2, 2004, alleging a disability onset date of December 23, 2000, due to back pain, depression and anxiety. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on September 20, 2005, at which plaintiff, represented by counsel, and plaintiff's husband testified. On October 27, 2005, the ALJ issued a decision finding that plaintiff is not disabled. On May 30, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 32 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20

---

[1]. Plaintiff filed two prior applications for disability insurance benefits and supplemental security income on January 23, 2001, and on November 12, 2002, alleging an identical onset date of December 23, 2000, as that alleged in her pending applications. Plaintiff's first set of applications resulted in the Appeals Council denying review from an unfavorable decision dated February 4, 2002, from which plaintiff took no further action. The second set of applications resulted in an unfavorable decision on January 14, 2004. The Appeals Council denied review and the United States District Court for the Western District of Pennsylvania ultimately affirmed the ALJ's decision of not disabled. Accordingly, plaintiff is barred by res judicata from asserting disability prior to January 14, 2004.

C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has a high school equivalent education and past relevant work experience as a secretary, cashier and nurse's aide, but she has not engaged in substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of low back pain, a pain disorder, depression and anxiety, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity for work at the sedentary exertional level but with certain restrictions recognizing the limiting effects of her mental and physical impairments. Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including order clerk, labeler/pricer, hand packer and hand assembler. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform her past relevant work, she is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §§4014.1520 and 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises three challenges to the ALJ's findings: (1) the ALJ failed to consider certain conditions diagnosed by her treating physician and psychiatrist in determining plaintiff's residual functional capacity; (2) the ALJ improperly failed to give controlling weight to the opinions of her treating physician and psychiatrist as supported by the findings of a consultative examiner; and, (3) the ALJ failed to consider the impact of all of plaintiff's medical conditions, severe and not severe, in combination in assessing plaintiff's residual functional capacity. Upon a review of the record, the court finds that all of the ALJ's findings and conclusions are supported by substantial evidence.

Plaintiff first argues that the ALJ failed to consider certain diagnoses in assessing plaintiff's residual functional capacity. Specifically, plaintiff contends that the ALJ failed to mention the physical impairments of chronic pain syndrome, myofascial pain syndrome and thoracic facet syndrome as diagnosed by Dr. Green, plaintiff's family physician, as well as a "diagnosis" of panic attacks by Dr. Cassone, her treating psychiatrist. Plaintiff's argument is wholly without merit.

First, with respect to physical impairments, the ALJ specifically found that plaintiff suffers from the severe impairments of a pain disorder and low back pain, which obviously encompass Dr. Green's diagnoses. Second, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon

- 5 -

an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Accordingly, a mere diagnosis is insufficient to support a finding of disability. Here, the ALJ considered plaintiff's physical impairments and, to the extent those impairments impacted plaintiff's ability to work, the ALJ accommodated them by limiting plaintiff to less than the full range of sedentary work with a sit-stand option.

As to mental impairments, plaintiff's contention that the ALJ failed to consider Dr. Cassone's "diagnosis" of panic attacks likewise is belied by the record. First, "panic attacks" are not a condition but merely are a symptom of the severe impairments of depression and anxiety which the ALJ found plaintiff to have. In addition, the ALJ expressly addressed Dr. Cassone's statement that plaintiff experiences "panic attacks with people and intense noise" but specifically concluded that Dr. Cassone's report and findings were not entitled to any weight because they were not supported by any medical findings but instead consisted solely of bald conclusions. (R. 23). In fact, the ALJ noted that Dr. Cassone left blank the portion of the form asking him to identify any medical support for his findings. (R. 245-46). Accordingly, plaintiff's contention that the ALJ failed to consider "panic attacks" is contrary to the record.

Plaintiff's next argument is that the ALJ improperly evaluated the medical evidence in finding plaintiff not disabled. Specifically, plaintiff contends that the ALJ erroneously failed

to give controlling weight to the opinions of her treating sources, Dr. Green and Dr. Cassone, as well as a consultative examiner, Dr. Massoud. After reviewing the record, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Farqnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. As previously discussed, the ALJ expressly addressed Dr. Cassone's assessment and explained in detail why he accorded it little weight, noting in particular the complete lack of medical findings supporting his bald conclusions as well as plaintiff's infrequent treatment with Dr. Cassone. (R. 23).

Likewise, the ALJ explicitly considered Dr. Massoud's consultative examination in his decision and discussed why it was entitled to little weight. Specifically, the ALJ noted that Dr. Massoud's conclusions were not supported by the results of the physical examination he conducted during the consultation, which demonstrated no acute distress, full range of motion in the elbows, wrists, knees, hips and cervical spine, no atrophy and normal gait and station. (R. 24). Because the limitations set forth in Dr. Massoud's evaluation were not supported by objective findings, but instead were based solely on plaintiff's subjective complaints, the ALJ appropriately afforded Dr. Massoud's opinion little weight.

The ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he rejected or discounted any evidence. (R. 22-24). The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Finally, plaintiff argues that, in arriving at his residual functional capacity finding, the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, both severe and non-severe. Again, the record fails to support plaintiff's position. The ALJ specifically noted in his decision that he considered all of plaintiff's impairments in combination and his residual functional capacity finding, which incorporates limitations arising from both plaintiff's physical and mental

impairments, demonstrates that he did just that. Moreover, in making this argument, plaintiff recycles his prior contention that the ALJ failed to consider all of plaintiff's diagnosed conditions, a contention already rejected above. The court has reviewed the record and is satisfied that in assessing plaintiff's residual functional capacity the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination and that the ALJ's assessment is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                                                                       */s/ Gustave Diamond*
                                                                                       Gustave Diamond
                                                                                       United States District Judge

cc:   John D. Gibson, Esq.
       131 Market Street
       Suite 200
       Johnstown, PA 15901

       John J. Valkovci, Jr.
       Assistant U.S. Attorney
       319 Washington Street
       Room 224, Penn Traffic Building
       Johnstown, PA 15901